United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40477
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO MACIAS-RODRIGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(7:04-CR-937-ALL)
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges

PER CURIAM:[*]

Having pleaded guilty pursuant to a plea agreement, Defendant-Appellant Antonio Macias-Rodriguez appeals his sentence for being illegally present in the United States after having been deported, in violation of 8 U.S.C. § 1326(a) and (b).  Macias-Rodriguez argues that the government breached the plea agreement by stating that its promise to recommend a two-level downward departure from the federal sentencing guidelines pursuant to U.S.S.G. § 5K3.1 was "unfortunately" included in the plea agreement and by advising the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court that it mistakenly recommended that Macias-Rodriguez receive the departure.  The government explains that, at the time of the plea agreement, it did not realize that Macias-Rodriguez had a prior conviction for violating 8 U.S.C. § 1326.

As Macias-Rodriguez did not object at sentencing to the government's alleged breach of the plea agreement, we review his argument for plain error.  See United States v. Reeves, 255 F.3d 208, 210 n.2 (5th Cir. 2001).  We perceive no such error.  The district court was aware that the government had recommended a departure pursuant to U.S.S.G. § 5K3.1, yet the court made it clear that it had no intention of granting such a departure under any circumstances.  Reeves, 255 F.3d at 210-11 & n.3; United States v. Calverley, 37 F.3d 160, 164 (5th Cir. 1994) (en banc).  Macias-Rodriguez's conviction and sentence are therefore AFFIRMED.